Theodore GLADDEN

v.

P. HENDERSON & CO.

v.

LAVINO SHIPPING CO.

Civ. A. No. 30404.

United States District Court
E. D. Pennsylvania.

Feb. 21, 1966.

Avram G. Adler, of Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Timothy J. Mahoney, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

John T. Biezup, of Rawle & Henderson, Philadelphia, Pa., for third-party defendant.

BODY, District Judge.

On August 31, 1961 plaintiff, a longshoreman, was allegedly injured while helping to unload lumber aboard the S.S. Katha. In his Complaint plaintiff contends that he was operating the starboard winch at the forward end of the hatch at No. 2 hold from which the lumber was being discharged. He further claims that a heavy heel block, which had been fastened by a rope to a padeye on the masthead, fell and struck him on the back when the rope broke. Plaintiff instituted this action for damages by reason of unseaworthiness and negligence against the shipowner, P. Henderson & Company. The shipowner in turn impleaded the stevedoring company, Lavino Shipping Company, claiming indemnity.

After a trial of seven days before this Court and a jury, the jury found that the vessel was seaworthy and that the shipowner was free of negligence. The verdict was rendered on May 19, 1965 and judgment was entered thereon for the defendant and third-party defendant and against the plaintiff. Plaintiff then filed his Motion for a New Trial which is now before the Court.

The ground principally relied upon by plaintiff in support of his present motion is that the Trial Court erred in permitting defendant to make an "oblique reference" to workmen's compensation in the presence of the jury.[1] Plaintiff points to the fact that counsel for defendant elicited from plaintiff on cross examination that he had been receiving benefits from his employer in the amount of seventy dollars ($70.00) per week. [N.T. p. 292] This line of questioning apparently was pursued by defendant since plaintiff had previously testified on direct examination that although he had still experienced pain after having been discharged by a physician, he had returned to work because he was in financial distress.

■■ It is true as a general principle that no mention of collateral benefits received by a plaintiff may be made since such benefits are not relevant because they cannot mitigate the damages sought to be recovered. Lobalzo v. Varoli, 409 Pa. 15, 185 A.2d 557 (1962); Moidel v. Peoples Natural Gas Co., 397 Pa. 212, 154 A.2d 399 (1959). It is important to note, however, that in this case those pernicious words "Workmen's Compensation" were never uttered within earshot of the jury during the lengthy trial. In fact, this "reference" alluded to by plaintiff was so "oblique" that we do not consider it a reference to workmen's compensation at all,[2] and that it in no way tainted or influenced the jury's verdict.

The Trial Court based its discretionary ruling on the ground that the "subject had been opened" earlier by plaintiff. [N.T. p. 291] That ruling is supported by the record and in no way constituted prejudicial error.[3] The subject which

---

1. The Court denied the request of plaintiff's counsel for a sidebar conference. [N.T. p. 289]

2. In its brief contra plaintiff's Motion for a New Trial defendant indicates, and this Court finds as a fact, that the closest reference to the term itself came on plaintiff's examination of Charles S. Lee, a rebuttal witness. Mr. Lee's testimony dealt in large part with his preparation of U. S. Form 202 which was marked as plaintiff's Exhibit P–9. [N.T. pp. 751–758] This form must be filed with the U. S. Department of Labor, Bureau of Employees' Compensation, and this bureau is identified on the face of the form itself.

3. It is interesting to note that plaintiff's counsel did not request the withdrawal of a juror at this point in the trial.

the Court found had already been injected into the trial numerous times by plaintiff's counsel was, of course, the matter of plaintiff's financial condition after his alleged injury and the employer's assistance in alleviating that condition.

We are satisfied that plaintiff suffered no prejudice as a result of the reference to financial assistance *made possible* by his employer.[4] The jury could have easily believed that the "assistance" rendered was in the form of a loan or other monies which plaintiff was obligated to repay. This is no more speculative than plaintiff's contention that the jury was led to believe that plaintiff was attempting to recover damages for something for which he had already been reimbursed. In other words, it is entirely possible that such a reference to the employer's temporary financial aid might well have helped, rather than hindered, plaintiff's case in the eyes of the jury.

This is just another case of a disappointed litigant. It is the opinion of this Court that, apart from legal abstractions, the entire matter can be reduced to the simple fact that the jury did not believe plaintiff's testimony. Such a belief is also no less speculative than plaintiff's argument that the jury returned a verdict against him mainly because they heard some reference to his receipt of financial aid made possible by the employer.

After a careful review of the trial record and briefs, we find no merit whatsoever to plaintiff's remaining contentions in support of his Motion for a New Trial. The Court is convinced that plaintiff had both a full and a fair day in court.

---

**ORDER**

And now, this twenty-first day of February, 1966, it is ordered that the Motion of the plaintiff, Theodore Gladden, for a New Trial be and the same is denied.

---

4. The few questions elicited from plaintiff on cross examination were directed to the subject of financial assistance "made possible" by his employer. The exact nature of this assistance was never revealed because the Court carefully limited defendants' counsel to three questions on that particular topic. [N.T. pp. 290–292]